UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20165-CR-MORENO/LOUIS

UNITED STATES OF AMERICA

vs.

AKRUM ALRAHIB,

    Defendant.

_____/

GOVERNMENT'S MOTION FOR PROTECTIVE ORDER GOVERNING
USE AND DISSEMINATION OF SENSITIVE DISCOVERY INFORMATION

    The United States of America, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against dissemination of sensitive and personal identification information that will be disclosed as part of discovery in this case. This sensitive and personal identification information ("PII") includes records of third parties, including documents bearing dates of birth and social security numbers, contact information, including addresses, bank account numbers, and other financial account data. This data relates to, among others, third-party accountholders and corporate officers. The government seeks protections that will not impede the defendant's ability to prepare his defense, but merely will protect third parties from unnecessary embarrassment and invasion of privacy and will comply with applicable statutes and rules that govern the use and dissemination of such data. The United States respectfully submits that the equities favor the Court placing reasonable limitations on the way the defense may use the sensitive information cited above. The alternative to the entry of such an order would likely be significant delay in the production of discovery materials that contain PII while extensive redaction is undertaken.

The government discussed this motion with Howard Srebnick, Esq., counsel for Defendant Akrum Alrahib. Counsel for the defendant has informed the undersigned that the Defendant opposes the language and recordkeeping requirements set out in the proposed protective order.

## RELIEF SOUGHT

The indictment in this case alleges the Defendant fraudulently evaded excise taxes on imported tobacco products worth millions of dollars. The evidence includes bank records, financial account records, corporate documents, customs records, criminal history information, and personal financial data for numerous persons and entities, including various unindicted co-conspirators and innocent third parties. Some of this information, including financial account information and corporate financial documents, also pertains to the Defendant. However, the bulk of the material pertains to third parties, including the Defendant's suppliers and importers. Because the discovery contains a significant amount of personal identification and other sensitive information in bank records, emails, and other records received electronically, and these identifying details are contained on numerous pages and sometimes in various parts of the same document, it is not practical for the government to redact all sensitive or personal identification information from the documents that will be made available to the defense as part of discovery. In an attempt to protect this sensitive information belonging to third parties, the government proposes that the following restrictions be placed on that information:

   1. Counsel of record for the defendant shall hold this sensitive information in strict confidence, disclosing this information to the client, office staff, investigators, and witnesses (including any experts) only to the extent counsel believes is necessary to assist in the defense of this matter.

   2. Counsel of record for the defendant shall advise any person to whom this sensitive information is disclosed that, pursuant to the attached Protective Order, the sensitive information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

>  3. Counsel of record for the defendant shall obtain a certification from each person to whom this sensitive information is disclosed, using the form attached as Exhibit A to this motion, in which the recipient; (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the sensitive information and the date on which such information was first disclosed.

To accomplish this, the United States requests that defense personnel who receive or utilize discovery information execute a certification in the form attached as Exhibit A to this Motion.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect.  See Alderman v. United States, 394 U.S. 165, 185 (1969).  Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Id.  The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires be disclosed.  See United States v. Fischel, 686 F.2d 1082, 1090 (5th Cir. 1992) (discovery in criminal cases is limited and makes no provision for disclosure of witness name or address).  Here, the government only seeks to facilitate discovery, while protecting the rights of innocent third parties and the proposed protective order is consistent with other protective orders issued in the Southern District of Florida in securities, bank, and other financial fraud cases.

The government must make its best effort to ensure that crime victims and witnesses are

accorded certain rights, including the right to have their privacy and dignity treated with respect. 18 U.S.C. § 3771(a)(8). The court is also required to ensure that victims are afforded such rights. 18 U.S.C. § 3771(a). Courts have recognized that protective orders are appropriate where disclosure will impact victims or innocent third parties. See United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995). The attached Protective Order would have no effect on the defendant's ability to prepare their defense, but would protect the privacy of third parties.

Therefore, it is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation, and that sensitive information provided pursuant to the order is to be used only for that purpose. See United States v. Salemme, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used solely for the purpose of litigating matters in this case); United States v. Gangi, No. 97-CR-1215 (S.D.N.Y. May 4, 1998) (1998 WL 226196) (ordering that information disclosed under protective order "shall be used only by defendants and their counsel solely for purposes of this action").

For these reasons, the United States respectfully requests that the Court enter a protective order in the form attached to this motion. This Court recently entered almost-identical protective orders in United States v. David J. Miller, No. 17-20623-CR-FAM ([ECF No. 19]) and United States v. James M. Schneider, No. 17-20712-CR-FAM ([ECF No. 26]).

          Respectfully submitted,

          ARIANA FAJARDO ORSHAN
          UNITED STATES ATTORNEY

By:   */s/Christopher B. Browne*
      Christopher B. Browne
      Assistant United States Attorney

Southern District of Florida
Florida Bar No. 91337
99 Northeast 4th Street, 4th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9419
E-mail: christopher.browne@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that on May 16, 2019, I conferred with defense counsel of record, Howard Srebnick, Esq., who objects to the language and recordkeeping requirements set out in the proposed order.

*/s/ Christopher B. Browne*
Assistant United States Attorney

# EXHIBIT A

**CERTIFICATION CONCERNING USE OF DISCOVERY MATERIALS**

  I, _____(Name of Recipient), acknowledge that I have read the Court's Protective Order in the case of *United States v. Akrum Alrahib*, Case No. 19-20165-CR-MORENO.

  I have also been advised by_____ (Name of Counsel), that I will be viewing material that contains sensitive information.  I have also been advised that such information should be held in strict confidence, should only be used in connection with the investigation and trial preparation of this case, and that further disclosure or dissemination is prohibited without counsel's express consent.

_____  _____
Recipient Name          Signature

  I_____(Name of Counsel), have provided

_____ (Name of Recipient), with a copy of the Court's Protective Order.

  I have also advised _____ of his/her obligations under this Order.

_____
Counsel Signature