UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20165-CR-MORENO

UNITED STATES OF AMERICA

vs.

AKRUM ALRAHIB,

    Defendant.
_____/

**GOVERNMENT'S FIRST RESPONSE TO
THE STANDING DISCOVERY ORDER**

    The United States of America, by and through the undersigned Assistant United States Attorney, files this Response to the Court's Standing Discovery Order ([ECF No. 33]).  This Response complies with the United States District Court for the Southern District of Florida's Local Rule ("Local Rule") 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    Copies of any written and/or recorded statements made by the Defendant are attached.  To the extent additional written and/or recorded statements by the Defendant are later discovered and/or obtained by the government, the government will disclose them upon receipt.

        2.    That portion of the written record containing the substance of any oral statement made by the Defendant to law enforcement is attached.

        3.    The Defendant did not testify before the Grand Jury.

        4.    The NCIC record of the Defendant is attached.

        5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendant, are attached to this response to the extent practicable but not filed with the Court.  Other items, including additional items that may become available at a later date, may be inspected at a mutually convenient time at the Office of the United States Attorney, 99

    Northeast 4th Street, Suite 400, Miami, Florida 33132. Please call the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

  6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

  The United States specifically demands notice, pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure, of the Defendant's intent to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense. Rule 12.3 states, in relevant part, that

> the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets.

  Fed. R. Crim. P. 12.3(a)(1). Pursuant to the Rule, the United States demands that any such notice contain the following information: (1) the law enforcement agency or federal intelligence agency involved; (2) the agency member on whose behalf the Defendant claims to have acted; and (3) the time during which the Defendant claims to have acted with public authority. Fed. R. Crim. P. 12.3(a)(2).

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). The government notes that plea agreements and other documents executed by an alleged co-conspirator are publicly available in the dockets of Case Nos. 16-20838-CR-Altonaga (S.D. Fla.); 15-20049-TP-Moore (S.D. Fla.); and 1:14-CR-19-Jones (W.D. Va.). Limited-use immunity letters executed by the Defendant and an alleged co-conspirator are

attached to this Response.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. Any report documenting an identification proceeding in which the Defendant was identified to law enforcement by a witness will be provided to the Defendant by the government.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the Defendant of its intent to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the Government intends to introduce evidence of the Defendant's prior excise tax evasion activity in the State of California from 2001 through 2006,[1] and his continuing involvement in the evasion of Federal excise tax on imported tobacco products from 2013 through May 2019.

I. The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The Government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K. The Government is aware of no alleged contraband related to the charges contained in the indictment.

L. The Government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The Government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendant.

N. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the

---

[1] See, e.g. United States v. Real Property Located at 8258 West Nicolet Avenue, Case No. 2:06-02305-CV-FCD-KJM, Verified Complaint for Forfeiture In Rem ([ECF No. 1]) at 11 (E.D. Ca. Oct. 18, 2006); United States v. Approximately $239,833.28 in U.S. Currency, Case No. 2:06-cv-02783-FCD-KJM, Stipulation For Final Judgment and Forfeiture ([ECF No. 36]) (E.D. Ca. Feb. 7, 2008) at 7 (listing related cases).

early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

O.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the Defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

|  |  |
|---|---|
| DATE: | PLEASE SEE INDICTMENT. |
| TIME: | PLEASE SEE INDICTMENT. |
| LOCATION: | PLEASE SEE INDICTMENT. |

The attachments to this response are contained on one (1) flash drive containing the files described in the attached index (see Exhibit A, attached hereto).

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  /s/Christopher B. Browne
Christopher B. Browne
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 91337

99 Northeast 4th Street, 4th Floor<br>
Miami, Florida 33132-2111<br>
Telephone: (305) 961-9419<br>
E-mail: christopher.browne@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that, on May 24, 2019, I arranged for hand-delivery of one (1) flash drive containing the files described in the attached index (see Exhibit A, attached hereto) to a representative of defense counsel of record.

*/s/ Christopher B. Browne*
Assistant United States Attorney

# EXHIBIT A

Index of Files
<u>United States v. Alrahib</u>
19-CR-20165-FAM

5/23/2019  Folders  9:49 PM

| Name | Size |
| --- | --- |
| ALRAHIB Arrest | 6.57 MB |
| ALRAHIB Criminal History | 13.6 KB |
| ALRAHIB Documents | 837 MB |
| ALRAHIB Interviews | 2.33 MB |
| ALRAHIB Text Messages | 922 KB |
| Bryant Documents | 636 MB |
| Bryant Documents\Customs Documents | 4.95 MB |
| Business Records | 6.99 GB |
| Business Records\Bank of America 1 | 25.4 MB |
| Business Records\Bank of America 2 | 5.49 MB |
| Business Records\Capital One | 9.39 MB |
| Business Records\Discover | 1.20 MB |
| Business Records\East West Bank | 20.0 MB |
| Business Records\FASST Holdings | 1.47 MB |
| Business Records\Fidelity Investments | 4.38 MB |
| Business Records\First NBC Bank | 871 MB |
| Business Records\First Republic Bank | 42.4 MB |
| Business Records\Gulf Coast Bank | 373 MB |
| Business Records\JP Morgan Chase Bank | 407 MB |
| Business Records\Total Bank | 70.3 MB |
| Business Records\Union Bank | 379 MB |
| Business Records\US BANK | 3.94 GB |
| Business Records\Wells Fargo Bank | 903 MB |
| Customs Data | 1.70 MB |
| Hot Docs | 6.85 MB |
| Immunity Letters | 3.86 MB |
| Recordings | 2.49 GB |
| State of Florida Records | 101 MB |
| State of Nevada Records | 16.1 MB |
| Trendsettah Consent Search | 1.84 GB |
| Trendsettah Quickbooks | 44.6 MB |
| Trendsettah Quickbooks\Emails | 4.53 MB |