UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

19-20165-CR-SMITH

UNITED STATES OF AMERICA

v.

AKRUM ALRAHIB,

Defendant.
_______________________________________/

**RESPONSE TO MOTION GOVERNMENT'S CORRECTED MOTION TO REVOKE AND ESTREAT BOND**

Interested party, Mr. George Antar, through undersigned counsel, responds to the government's corrected motion to estreat and forfeit bond, and in support states:

**BACKGROUND**

As a preliminary matter, Mr. Antar takes no position on the revocation of Mr. Akrum Alrahib's bond. He has no personal knowledge of the government's allegations regarding Mr. Alrahib's violations of bond and for the purposes of this motion, assumes *arguendo*, that the government's averments in its motion for revocation are accurate. Mr. Antar's sole position in this motion is that the interests of justice do not require that forfeiture of bond be entered as to him as a surety. Mr. Antar served as a surety to Mr. Alrahib because he is married to Mr. Antar's

cousin. It is a close-knit family and Mr. Antar did what he thought was right in coming to an extended family member's aid in a time of need. His behavior as a surety has been impeccably noble and he has engaged in no wrongdoing whatsoever. Whatever mistakes may have been made by Mr. Alrahib should not be laid at Mr. Antar's feet as it would be a terrible injustice.

**ARGUMENT**

Federal Rule of Criminal Procedure 46(f) provides:

> (f) Bail Forfeiture.
> (1) Declaration. The court must declare the bail forfeited if a condition of the bond is breached.
> (2) Setting Aside. The court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if:
> (A) the surety later surrenders into custody the person released on the surety's appearance bond; or
> (B) it appears that justice does not require bail forfeiture.
> (3) Enforcement.
> (A) Default Judgment and Execution. If it does not set aside a bail forfeiture, the court must, upon the government's motion, enter a default judgment.
> (B) Jurisdiction and Service. By entering into a bond, each surety submits to the district court's jurisdiction and irrevocably appoints the district clerk as its agent to receive service of any filings affecting its liability.
> (C) Motion to Enforce. The court may, upon the government's motion, enforce the surety's liability without an independent action. The government must serve any motion, and notice as the court prescribes, on the district clerk. If so served, the clerk must promptly mail a copy to the surety at its last known address.
> (4) Remission. After entering a judgment under Rule 46(f)(3), the court may remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2).

The government's motion seeks to revoke and estreat Mr. Alrahib's bonds. At this stage if a violation of a bond condition is established, as Mr. Antar concedes, the bond must be forfeited. However, this Court may set aside such forfeiture as to Mr. Antar if "it appears that justice does not require bail forfeiture" *Id.*

The case law in this area is sparse. It is even more sparse in the position of third-party sureties, as Mr. Antar finds himself currently. However, some principles are well established, even though they may have limited applicability in the instant matter. The burden of establishing grounds for a set aside or remission is on the party challenging the forfeiture. *See United States v. Gil*, 657 F.2d 712, 714-15, 716 (5th Cir. 1981). This Court should consider four factors in determining the question and amount of remission: (1) the government's cost and inconvenience in regaining custody; (2) the delay caused by the defendant's default; (3) the willfulness of the defendant's breach of conditions; and (4) the public interest in ensuring the defendant's appearance. *United States v. Diaz*, 811 F.2d 1412, 1415 (11th Cir. 1987); *United States v. Parr*, 594 F.2d 440 (5th Cir. 1979) (Parr II)

Obviously, these factors are not generally applicable to third party sureties that had no role in violating a condition of the Court's bond. However, there is some precedent for how to proceed. For example, in evaluating the propriety of remitting a forfeiture to third-party sureties, the Fourth Circuit examined the sureties' position in relation to the defendant, who had feigned an auto accident

and injury in order to postpone a court hearing scheduled for the next day. *United States v. Kirkman*, 426 F.2d 747, 751 (4th Cir. 1970). It stated:

> It is difficult to conceive what they could have done to obtain [the defendant's] presence at trial. It does not appear that they knew of and had opportunity to prevent him from conspiring with others to 'fake' an automobile accident and subsequent hospitalization. Once he had been hospitalized they could scarcely be expected to drag him to court. … It is difficult to see what [the third-party sureties] could have done that would have been helpful to the court.

*Id*. The Fourth Circuit concluded that, because the interest of justice did not require enforcement of the forfeiture as to the third-party sureties, the district court had abused its discretion in refusing to set aside the forfeiture of the amounts they had posted. *Id*. at 752.

Here Mr. Alrahib's alleged bond violations do not involve Mr. Antar in any way, shape or form. There is no allegation that Mr. Antar was involved with any witness tampering. Furthermore, Mr. Antar could have no knowledge of Mr. Alrahib's violations of house arrest in Miami-Dade County while he was living in California.

Moving to the formal factors the Court should consider in determining whether to remit, all favor remission. The government experienced no cost or inconvenience in regaining custody of Mr. Alrahib because he was never a fugitive. There were no delays in the proceedings due to Mr. Alrahib's breach because he was never at-large. For the sake of this motion Mr. Antar assumes that the

government's allegations of Mr. Alrahib's violations were willful. However, that does not implicate the moral calculous of holding Mr. Antar responsible for Mr. Alrahib's misconduct. Mr. Antar is guilty of nothing other than helping our a member of his close-knit family. Finally, the public's interest in Mr. Alrahib's conduct was never compromised because he missed no court appearances as a result of his alleged breach of his bond conditions.

"The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant." *United States v. Rose*, 791 F.2d 1477, 1480 (11th Cir. 1986) (quoting *United States v. Parr*, 594 F.2d 440, 444 (5th Cir. 1979)). Regardless of whatever potential misconduct Mr. Alrahib may have engaged in, it should not enter this Court's decision as to Mr. Antar's fate. Forfeiture should not be motivated by frustration or vindictiveness. *See United States v. Parr*, 560 F.2d 1221, 1224 (5th Cir. 1977) ("Neither frustration nor its kinsman vindictiveness should be of weight in tipping the scales by which the elements of the court's discretion [in deciding forfeiture] is weighed.").

Weighing the factors articulated above, there is no argument that the interest of justice will be advanced by making Mr. Antar responsible for $2.5 million forfeiture because Mr. Alrahib allegedly bribed a potential witness and violated house arrest without Mr. Antar's knowledge or participation. The calculous is slightly complicated by the specter raised by the government's notice of filing in

docket entry 79, wherein the government highlights three transfers of funds to Mr. Antar. The notice does not make any specific allegations, but the implication is clear: Mr. Antar received funds from entities controlled by Mr. Alrahib that may compromise the obligations he accepted as a surety for Mr. Alrahib before this Court. Those implications are nonsense.

The notice of filing in docket entry 79 sets forth three transactions that raise questions about funds Mr. Antar received. Those transactions are completely beyond reproach. First, the $1.25 million wire from March 29, 2019 was a return of funds to a trust account controlled by Mr. Antar and his son. In the summer of 2018, Mr. Antar and his son invested $1.22 million dollars in Mr. Alrahib's tobacco company in exchange for 250 shares in the company. In early 2019, Mr. Antar had a change of heart and wanted his investment back. The company was in the process of getting an advance on its multimillion-dollar judgment in *Trendsettah USA, Inc., et al. v. Swisher International, Inc.*, case number 8:14-CV-1664-JVS from Law Finance Group. Those funds came in partially on March 28, as reflected in the statement filed by the government in its notice of filing. DE 79-1:3. When the funds came in from Law Finance Group, Mr. Antar, as well as others were repaid debts owed on March 29. *Id.*

The $22,037 wire to Mr. Antar did not come from "an account controlled by Trendsettah USA, Inc." as was stated in the Notice of Filing. DE 79:2. Rather,

it came from a personal account of Ramzy Rahib. It was for payment for a business transaction between Messrs. Antar and Rahib. Finally, the $6,930 wire to Mr. Antar on May 29, 2019, was reimbursement for small outlays of cash Mr. Antar made to IST. The government has been provided with all documentation regarding these transactions as of October 9, 2019 at 10:46 a.m. As of the filing of this motion, the government has not responded to undersigned counsel's proffer.

"The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant." *United States v. Rose*, 791 F.2d 1477, 1480 (11th Cir. 1986); (quoting *United States v. Parr*, 594 F.2d 440, 444 (5th Cir. 1979)). Taking this principle to its logical conclusion it is even more preposterous to punish the totally innocent behavior of Mr. Antar as an innocent third-party surety.

WHEREFORE, Mr. Antar respectfully requests that the Court deny the government's motion to forfeit his interest in Mr. Alrahib's bonds.

Respectfully submitted,

**do Campo & Thornton, P.A.**
Chase Bank Building
150 S.E. 2nd Avenue, Ste. 602
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By: s/ *Orlando do Campo*
Orlando do Campo
Florida Bar No. 0156582
od@dandtlaw.com
Daniela Jaramillo

Florida Bar No. 1002266
dj@dandtlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *Orlando do Campo*
Orlando do Campo