UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20165-CR-SMITH/LOUIS

UNITED STATES OF AMERICA

vs.

AKRUM ALRAHIB,

    Defendant.
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

The Government respectfully files this expedited response to Defendant's Motion for a Protective Order ([ECF No. 229]).

### DISCUSSION

In December 2019, the Government filed under seal a video recording and transcript of Defendant's May 2017 confession (see Motion to Seal [ECF No. 141]; Sealing Order [ECF No. 187]). The Government did so to avoid publicizing the names of Defendant's uncharged co-conspirators, some of whom are the subjects of an ongoing investigation. As the Government then explained, "[b]ecause Defendant implicated a number of his uncharged co-conspirators, the Government will file the interview transcript under seal. In addition, the Government will file under seal the video recording of the interview" (Gov't Response to Def. Mot. to Suppress [ECF No 136] at 2 n.1). The Government has consistently sought to protect portions of the transcript from disclosure for this reason, only. (See Gov't Corrected Appeal Re: Order Denying Gov't Motion for Pretrial Detention [ECF No. 21] at 5 n.2).

Six months later, much of the transcript has already been published on the public docket. Prior to filing the transcript under seal, the Government reproduced lengthy excerpts in written

1

pleadings, without objection from Defendant (see, e.g., [ECF Nos. 15, 21, 120]). Defendant himself quoted extensively from the transcript in his motion to suppress, citing it approximately fifty times ([ECF No. 117] at 1-11). In response, the Government reproduced additional portions of the transcript, again without objection from Defendant ([ECF No 136] at 2-7).

At trial, the video recording and transcript would be admitted as evidence of Defendant's various fraud schemes, either in their entirety or in some redacted form. Accordingly, and as required by this Court's Local Rules, the Government anticipates making these documents public in the near future. See S.D. Fla. L.R. 5.3(b). At a minimum, excerpts of the video recording and the transcript will be published at the upcoming evidentiary hearing on Defendant's motion to suppress the statements at issue.[1]

Despite all this, Defendant suddenly seeks a "protective order" from the Court prohibiting the disclosure of the sealed transcript until the motion to suppress is decided (see Motion at 5). Defendant claims the transcript should now be treated in the same way as inadvertently-disclosed, privileged material (id. at 3). Defendant cites no authority in support. Instead, Defendant repeats his baseless claim that the video-recorded statement is "confidential" (see Motion at 1). But as the Court recently observed, that claim is belied by the video recording itself. (See Transcript of May 27, 2020 Telephonic Status Hearing [ECF No. 228] at 20-21; see also Gov't Resp. to Def. Mot. to Suppress [ECF No. 136] at 5-6, 10-12). Defendant's Motion does not acknowledge that a protective order governing dissemination of discovery materials was already entered in this case: in May 2019 ([ECF No. 47]).

---

[1] As this Court is aware, Defendant has repeatedly sought to delay the motion-to-suppress proceedings by, among other things, refusing to waive his physical appearance in court. (Compare Def. Motion to Continue June 9, 2020 Status Conference [ECF No. 226]; Def. Waiver of Presence at Hearing on Government's Motion for Revocation of Bond Orders [ECF No. 219]).

According to the Motion, Defendant inadvertently filed the entire sealed transcript on the public docket on or about April 10, 2020 (Motion at 1-2; Def. Notice of Filing Exhibits [ECF No. 180-4]). Despite defense counsel's attempts to remove it, the transcript apparently remained online for several days (see Motion at 2-3). Thereafter, counsel for a non-party, Swisher International, Inc. ("Swisher"), advised the Government that Swisher counsel had downloaded the publicly filed transcript. (See June 3, 2020 Letter from Swisher Counsel [ECF No. 232-1]). In a follow-on letter to Government counsel, Swisher counsel confirmed that the entire transcript remained on the docket for several days after Defendant filed it (id. at 2). Government counsel advised Defendant of these developments and forwarded the letter to the defense ([ECF No. 232-2] at 7). In that letter, Swisher counsel set forth their position that, "[h]aving obtained the Transcript from public sources, Swisher has a lawful right to use it" (June 3, 2020 Letter from Swisher Counsel [ECF No. 232-1]). Additionally, in its letter to Government counsel, counsel for Swisher advised they were willing to voluntarily redact portions of the transcript:

> We understand that the government would prefer that Swisher redact certain information contained in the Transcript in the event that Swisher files the Transcript in the above-referenced litigation. Swisher will respect the government's preferences, but since there is a likelihood that the Transcript will be filed in the very near future, please provide the redactions at your earliest convenience but no later than June 10, 2020.

(Id.) Defense counsel responded, explaining that Defendant objected to Swisher's use of the "confidential" transcript ([ECF No. 232-2] at 6-7). Thereafter, the Government advised counsel for Swisher and Defendant that it took no position on their dispute (id. at 4-6). However, in order to avoid the public disclosure of the names of Defendant's co-schemers, the Government requested that Swisher make numerous redactions: "[b]y making this redaction request, we do not intend to endorse further dissemination or publication of the sealed transcript" ([ECF No. 232-2] at 4-6). Counsel for Swisher responded: "in the event the transcript is filed in any court proceedings to

which it is a party, Swisher will voluntarily request that the court permit the portions of the transcript you identified . . . to be redacted in filings made available to the public" (id. at 3).

Now, Defendant asks for an order enjoining non-party Swisher from "disclosing" the transcript until the conclusion of the proceedings on the motion to suppress (Motion at 5). As noted, the Government takes no position on this issue. However, the Government responds to state the following: First, nothing about Defendant's video-recorded May 2017 statements is "confidential"—the statements were voluntary and admissible against him. Second, the Government will continue to publish and use excerpts of the video recording and transcript at its discretion; neither the Government's decision to file the material under seal (to protect the integrity of a criminal investigation) nor the pendency of a meritless motion to suppress prohibits the Government from doing so.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ Christopher B. Browne
Christopher B. Browne
Assistant United States Attorney
Florida Bar No. 91337
United States Attorney's Office
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9419
E-mail: Christopher.Browne@usdoj.gov

By:   /s/ Jerrob Duffy
Jerrob Duffy
Assistant United States Attorney
Court No.: A5501106
United States Attorney's Office
99 N.E. 4th Street

                              Miami, Florida 33132
                              Tel: (786) 360-9829
                              Email: Jerrob.Duffy@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2020, I filed the foregoing document with the Clerk of Court via CM/ECF.

By: */s/ Christopher Browne*
Christopher Browne
Assistant United States Attorney