**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 19-20165-CR-SMITH/LOUIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AKRUM ALRAHIB,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendant Akrum Alrahib's Motion to Strike Forfeiture Allegations (ECF No. 122). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Judge (ECF No. 129). This Court, having considered the Motion, Plaintiff's Response in Opposition (ECF No. 133), Defendant's Reply (ECF No. 152), and the docket and being otherwise duly apprised in the circumstances, hereby recommends that Defendant's Motion be **DENIED** as follows.

    **I.**    **BACKGROUND**

Defendant is charged in this case with conspiracy (18 U.S.C. § 371) (Count 1); conspiracy to commit wire fraud (18 U.S.C. § 1349) (Count 2); wire fraud (18 U.S.C. § 1343) (Counts 3-4); and fraudulent refusal to pay or evasion of Federal Tobacco Excise Tax (26 U.S.C. § 5762(a)(3)) (Counts 5-30). According to the indictment, the alleged conspiracy spanned from April 2013 to

December 2014. Defendant is alleged to have used his businesses to unlawfully evade payment of taxes associated with his importation and distribution of tobacco products.

In addition to the various counts for conspiracy and fraud, the indictment includes a notice of forfeiture. Specifically, the indictment states that "[u]pon conviction of a violation of Title 18, United States Code, Sections 1343 or 1349 as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violations" and "[u]pon conviction of a violation of Title 26, United States Code, Section 5762(a)(3), as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 26, United States Code, Sections 5763(d) and 7302, any property, real or personal, intended for use in violating the provisions of Chapter 52 of the Internal Revenue Code, or regulations thereunder, or which has been so used" (ECF No. 1 at 14). The indictment further states the property to be forfeited includes, but is not limited to, a money judgement in the amount of at least $9,914,921 (*id*.).

Defendant moves to strike these forfeiture allegations on the grounds that a forfeiture money judgement is not authorized by statute; and, alternatively, that forfeiture is not available based on the amount <u>paid</u> by Defendant for the imported goods, or the amount of tax evaded, because neither constitutes "proceeds" of the crime (ECF No. 122). The government responded in opposition to the Motion, arguing that the motion is premature, and alternatively defending the forfeiture notice as available for excise tax schemes as alleged (ECF No. 133). In Reply, Defendant challenges the government's reliance on 26 U.S.C. § 5763(d) as a basis for the government's criminal forfeiture allegation.

## II.  DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 32.2(a), a criminal defendant must be put on notice that the government intends to seek forfeiture as part of the sentence. Specifically:

> A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The notice should not be designated as a count of the indictment or information. The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.

Fed. R. Crim. P. 32.2(a). Thus, as the Government observes in its Response, the forfeiture allegations of an indictment are merely notice provisions.

Defendant challenges the bases identified in the indictment for property to be forfeited, arguing that a forfeiture money judgment cannot be based on the amount that was paid for the goods imported or the amount of taxes he is alleged to have avoided. However, the failure to specify the property subject to forfeiture does not render the indictment defective or vulnerable to striking. The determination of what property may be forfeited is decided only *after* a defendant is convicted under certain applicable statutes:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed. R. Crim. P. 32.2(b)(1)(A).

The Court recognizes that the instant indictment indicates that the property sought to be to be forfeited includes, but is not limited to, a money judgement in the amount of at least $9,914,921.00 (ECF No. 1 at 14). However, pursuant to Federal Rule of Criminal Procedure

3

32.2(a), the government "need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks" and is not limited to any property or monetary amount that may have been identified. *See United States v. Poulin*, 690 F. Supp. 2d 415, 422 (E.D. Va. 2010), *aff'd*, 461 F. App'x 272 (4th Cir. 2012) (Although forfeiture allegation in indictment sought sum of money of at least $850,000, the court found that defendant was on sufficient notice of government's intent to seek forfeiture following his conviction in the amount of $1,326,853, since the government had no obligation to include any amount sought); *see also United States Rosin*, 263 F. App'x 16, 38 (11th Cir. 2008) (affirming entry of a forfeiture money judgment that was approximately $500,000 greater than the amount listed in the forfeiture allegations of the superseding indictment).

Because a forfeiture determination is not to be made by the Court until after a guilty verdict is entered or a guilty plea is accepted, neither of which have occurred in the instant action, Defendant's challenges to the forfeiture allegations are premature. *See United States v. Adames*, No. 1:17-CR-00072-MR-DLH, 2017 WL 4948067, at *2 (W.D.N.C. Nov. 1, 2017) ("Forfeiture can be sought only <u>after</u> [d]efendants are found or plead guilty. Defendants may contest forfeiture, if at all, after the verdict or finding of guilt. Until then, there are no forfeiture proceedings and nothing for this Court to dismiss.") (citation omitted) (emphasis in original); *see also United States v. Connor*, No. 19-CR-58-JED, 2019 WL 6050722, at *12 (N.D. Okla. Nov. 15, 2019) (citations omitted).

Accordingly, the undersigned **RECOMMENDS** that the Motion be **DENIED** as premature.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Court Judge for the Southern District of

Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station* #4, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 29th day of January, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE