UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20165-CR-SMITH
Case No. 19-20664-CR-SMITH

UNITED STATES OF AMERICA

vs.

AKRUM ALRAHIB,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Akrum Alrahib (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count 1 of the indictment in case number 19-20165-CR-SMITH, which charges the defendant with conspiracy to (a) defraud the United States and (b) violate Title 26, United States Code, Section 5762(a)(3); all in violation of 18 U.S.C. § 371. In exchange for the defendant's entry of a guilty plea to the aforementioned charge, and his agreement to abide by the terms set forth herein, this Office agrees to dismiss counts 2-30 in case number 19-20165-CR-SMITH; and the indictment filed in case number 19-20664-CR-Smith.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The

1



defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that, as to count 1 of the indictment in case number 19-20165-CR-SMITH, the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose as to count 1 of the indictment in case number 19-20165-CR-SMITH a maximum fine the greater of (a) $250,000 or (b) twice the gross pecuniary loss incurred by any victim in this case. The defendant acknowledges that the Government will seek restitution in the amount of at least $7,207,970; the defendant reserves the right to argue for restitution in the amount of no less than $3.5 million. However, the defendant acknowledges that restitution must be imposed with respect to count 1 of the indictment in case number 19-20165-CR-SMITH.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be

2



paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office will **not** file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, based on the criminal activity forming the basis for the obstruction-of-justice and witnesses tampering charges alleged in counts 11 and 12 of the indictment in case number 19-20664-CR-SMITH. This Office and the defendant further **jointly agree** to recommend that the defendant be sentenced to a term of 60 months' imprisonment. This Office and the defendant further jointly agree to recommend that the sentence imposed in case number 19-20165-CR-SMITH run concurrent to any sentence imposed on the defendant as a result of his Federal prosecution in the Eastern District of California, which the parties agree will result in the defendant's entry of a guilty plea to charges of conspiring to evade California state excise tax on tobacco products. This Office, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full,



accurate and complete disclosure to the government of the circumstances surrounding the relevant offense conduct; (2) fails or refuses to make a full, accurate and complete disclosure to the government of the defendant's financial condition and assets, in accordance with this agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to attempting to withdraw his guilty plea, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not attempt to withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. The defendant agrees that he will:

   a. submit a financial statement to the Government upon request, within 14 calendar days from the request;

   b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

4



    c.    provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d.    cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e.    notify, within 30 days, the Clerk of the Court for the Southern District of Florida and the Government of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines.

9. The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward

5

variance from the advisory guideline range that the Court establishes at sentencing. The defendant further expressly waives his right to appeal based on arguments that (a) the statute to which the defendant is pleading guilty is unconstitutional and (b) the defendant's admitted conduct does not fall within the scope of the statute. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

10. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 9/23/21

By: _____
CHRISTOPHER BROWNE
ASSISTANT U.S. ATTORNEY

Date: 9-23-21

By: _____ 9-23-21
HOWARD SREBNICK, ESQ.
ATTORNEY FOR DEFENDANT

Date: 9-23-21

By: _____ 9-23-21
JACKIE PERCZEK, ESQ.
ATTORNEY FOR DEFENDANT

Date: 9-23-21

By: _____
AKRUM ALRAHIB
DEFENDANT

6