UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20165-SMITH

UNITED STATES OF AMERICA,

v.

AKRUM ALRAHIB,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Magistrate Judge's Report and Recommendation [DE 303] recommending that the Government's Motion to Revoke and Estreat Bond [DE 72] be granted. After an independent and *de novo* review of the record and upon careful consideration of the Objections, Response, and Replies by the parties and non-parties—the corporate surety [DE 319; 325]; the individual sureties [307; 317]; Defendant [316]; and the Government [319]—the undersigned adopts and affirms the well-reasoned Magistrate Judge's Report and Recommendation. The objections are overruled and a request for a new hearing is denied.

Under the unique facts and circumstances of this case, forfeiture of Defendant's bond does not necessarily enrich the government or punish Defendant. Originally the U.S. Magistrate Judge imposed a $500,000 corporate surety bond and a $1.5 million personal surety bond. Subsequently, the District Judge increased the bonds to $1 million for the corporate surety bond and $1.5 million for the personal surety bond [DE 39]. As noted by the Magistrate Judge, the Court understands that forfeiture of Defendant's $2.5 million may appear to be significant. However, each of the sureties knowingly, voluntarily, and intelligently agreed to pay this large sum of money if Defendant did not comply with the conditions of the bonds [DE 44; 45].

Unequivocally, the sureties were aware of their potential exposure if the bond was revoked [DE 44; 45 at 4]. The documents that the sureties and Defendant signed expressly state: "Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond." [DE 44; 45 at 4]. Page 1 of the bonds clearly states: Defendant "Shall not commit any act in violation of state or federal laws." (*Id.* at 1.) The standard conditions of bond have at least two salient purposes: to reasonably assure Defendant's presence and to prohibit further violation of the law by Defendant. The penalties applicable to the sureties appear directly above the individual signatures (on the same page) under a bold, underlined header titled "**PENALTIES AND SANCTIONS APPLICABLE TO SURETIES**" [DE 44; 45 at 4]. The sureties signed the document that states, under the "**SIGNATURES**" header:

> I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of the bond.

[DE 44; 45 at 4].

Most significantly, in addition to violating the conditions of house arrest, Defendant signed a factual proffer stating that, while under bond, he solicited the assistance of another person to persuade a grand jury witness to travel to Mexico, to avoid appearing and testifying before the grand jury. Defendant attempted to bribe an employee of his company who had been subpoenaed by the grand jury to leave the country in order to frustrate that subpoena and prosecution. Unequivocally, such egregious federal criminal conduct frustrates the justice system.

Among other things, the sureties argue that the court should set aside Defendant's bond because the Government was able to take him into custody without incident and he never fled in order to satisfy his appearance. This argument is rejected. Defendant wants to be rewarded for

remaining in custody. Defendant also wants to be rewarded for violating federal law by attempting to bribe a witness to flee. At a minimum, this federal crime of witness tampering defeats the purpose of satisfying his mere appearance. Such criminal conduct does not promote respect for the law or provide deterrence if a defendant is in custody without incident but continues to violate the law. A defendant should not be permitted to substantially violate the terms of his bond without penalties and sanctions. Here, the bonds made it clear that such violations would lead to forfeiture of any bail posted.

The sureties also argue that after Defendant pled guilty, he was ordered to pay restitution to California and the United States of approximately $17.25 million and forfeiture of the bonds would only enrich the Government. However, the bond forfeiture of $2.5 million, is still less than 15% of the $17.25 million in restitution. In the interest of justice, these facts and circumstances do not warrant the Court setting aside in whole or in part, any amount of Defendant's bonds. Forfeiture of the bonds is mandatory in this case because the sureties have failed to show forfeiture would be an injustice. Ultimately, this Court finds the Magistrate Judge's Report and Recommendation reasonable and not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1). Thus, no portion of the sureties' bond shall be remitted or set aside. Accordingly, it is

**ORDERED that:**

1. The Magistrate Judge's Report and Recommendation [DE 303] is **AFFIRMED and ADOPTED** and incorporated by reference herein**.**

2. The objections are **OVERRULED.**

      3.      The Government's Motion to Revoke and Estreat Bond [DE 72] is **GRANTED.** The $2.5 million surety bond posted in this case is **FORFEITED.**

DONE and ORDERED in Fort Lauderdale, Florida, this 12th day of September, 2022.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:    All Counsel of Record